IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROY DEAN CLEAMONS,                  §
                                    §
                    Plaintiff,      §
                                    §
V.                                  §            No. 3:14-cv-2800-BN
                                    §
CAROLYN W. COLVIN,                  §
Acting Commissioner of Social Security, §
                                    §
                    Defendant.      §

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Roy Dean Cleamons seeks judicial review of a final adverse decision of

the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons

explained below, the hearing decision is affirmed.

### Background

Plaintiff alleges that he is disabled due to a lower back injury, depression, and

anxiety. *See* Administrative Record [Dkt. No. 11 ("Tr.")] at 167. After his application

for supplemental security income ("SSI") benefits was denied initially and on

reconsideration, Plaintiff requested a hearing before an administrative law judge

("ALJ"). That hearing was held on April 8, 2013. At the time of the hearing, Plaintiff

was fifty-four years old. He attended school through the ninth grade and has past work

experience as a floor technician. *See id*. at 16, 26. Plaintiff has not engaged in

substantial gainful activity since September 8, 2010. *See id*. at 12.

1

The ALJ found that Plaintiff was not disabled and therefore not entitled to SSI benefits. Although the medical evidence established that Plaintiff suffered from osteoarthritis, degenerative disc disease, and obesity, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. *See id.* The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a limited range of light work but could not return to his past relevant employment. *See id.* at 13-16. The ALJ also determined that Plaintiff, who is right-hand dominant, could not reach overhead with his left upper extremities. *See id.* at 13. The ALJ further limited Plaintiff's RFC by determining that he could only occasionally climb ramps and stairs, balance, stoop, crouch, kneel, and crawl. *See id.* Relying on a vocational expert's testimony, the ALJ found that Plaintiff was capable of working as a fast food worker, cafeteria attendant, and cleaner – jobs that exist in significant numbers in the national economy. *See id.* at 17.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. In a single ground for relief, Plaintiff contends that substantial evidence does not support the finding that he can perform other work in the national economy.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014);

*Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-

step sequential evaluation process that must be followed in making a disability

determination:

1.  The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2.  The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3.  The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. The hearing officer must make this determination using only medical evidence.

4.  If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5.  If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See* 20 C.F.R. § 404.1520(b)-(f); *Copeland*, 771 F.3d at 923 ("The Commissioner

typically uses a sequential five-step process to determine whether a claimant is

disabled within the meaning of the Social Security Act. The analysis is: First, the

claimant must not be presently working. Second, a claimant must establish that he has

an impairment or combination of impairments which significantly limit [her] physical

or mental ability to do basic work activities. Third, to secure a finding of disability

without consideration of age, education, and work experience, a claimant must

establish that his impairment meets or equals an impairment in the appendix to the regulations. Fourth, a claimant must establish that his impairment prevents him from doing past relevant work. Finally, the burden shifts to the Secretary to establish that the claimant can perform the relevant work. If the Secretary meets this burden, the claimant must then prove that he cannot in fact perform the work suggested." (internal quotation marks omitted)); *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007) ("In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity.").

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements

to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id*. However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

At step five, the ALJ found that Plaintiff was able to perform jobs that exist in significant numbers in the national economy. Plaintiff contends that the vocational expert's testimony does not support the ALJ's finding.

At the hearing, the vocational expert opined that someone Plaintiff's age with his education, work experience, and functional limitations could perform as a fast food worker, cafeteria attendant, and cleaner. *See* Tr. at 49. The vocational expert also testified that there were 164,000 fast food worker jobs in the state and a half million in the nation; 6,300 cafeteria attendant jobs in Texas and 73,000 nation-wide; and 10,500 Texas cleaner jobs and 123,600 such jobs in the country. *See id.* at 49-50. The ALJ asked the vocational expert if the number of available jobs would be affected if a right-hand dominant individual could not reach overhead with his left extremities. *See id.* at 50. According to the transcript, the vocational expert responded "[t]hat would that [sic] present an issue." The ALJ also asked the vocational expert, "[s]how [sic] numbers and [sic] the jobs would remain?" *Id.* To which the vocational expert replied "[t]hat's correct." *Id.* Plaintiff's attorney did not offer evidence that Plaintiff could not perform these jobs. *See id.* at 51-52.

The sole issue in this review is the correct interpretation of the following statement: "That would *that* [sic] present an issue." Plaintiff argues that this statement shows that Plaintiff's reaching limitations would present an issue with his ability to perform other work. *See* Dkt. No. 22 at 5. But Defendant contends that the second "that" in the above statement is merely a transcription error and should be replaced with "not." Dkt. No. 23 at 6. To support this explanation, Defendant notes that the vocational expert further testified that a right-hand dominant individual with left-side reaching limitations would not have a diminished number of job opportunities. *See* Tr. at 50. Defendant's typographical-error explanation reconciles the vocational

expert's statements and explains why the expert did not offer a different number of available jobs for individuals, like Plaintiff, with left-side reaching limitations.

The Court will affirm ALJ hearing decisions when the plain reading of the transcript reveals that Plaintiff's objection is simply based on a typographical error. *See Troupe v. Barnhart*, 140 F. App'x 544 (5th Cir.2005). Further, Plaintiff presented no evidence that he could not perform the jobs the vocational expert mentioned. Even if Plaintiff's interpretation of the statement in question is correct, the vocational expert's testifying that a reaching limitation "would present an issue" does not refute Plaintiff's ability to perform as a fast food worker, cafeteria attendant, and cleaner. When a Plaintiff "offers no evidence contrary to the [vocational expert's] testimony, the claimant fails to meet his burden of proof under the fifth step of the disability analysis." *Perez v. Barnhart*, 415 F.3d 457, 464 (5th Cir. 2005).

There is, therefore, sufficient evidence to support the ALJ's finding that Plaintiff could perform other gainful and substantial work in the national economy.

## Conclusion

The hearing decision is affirmed in all respects.

SO ORDERED.

DATED: September 14, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE